**UNITED STATES of America**

**v.**

**Diego LOPEZ–AGUILAR, Defendant.**

No. 93–CR–209.

United States District Court,
E.D. New York.

May 16, 1995.

Zachary W. Carter, U.S. Atty., Brooklyn, NY by James Walden, for U.S.

B. Alan Sendler, Nyack, NY, for defendant.

MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

The defendant pled guilty to a single count of cocaine importation. 21 U.S.C. §§ 846 and 841(b)(1)(A). Under § 841(b)(1)(A), he faced a mandatory minimum of 10 years in prison. The "safety valve" provision of the 1994 crime act, 18 U.S.C. § 3553(f), permits the court to sentence the defendant under the Guidelines. The Guidelines call for a sentence of between 108 and 135 months.

■■■ The defendant and his wife were both arrested; charges against her were dropped. Previously, the couple had made serious and concerted efforts to conceive a child. Due to fertility problems, these efforts involved expensive and difficult medical procedures.

The wife, who is in her thirties, conceived through in-vitro fertilization several months before the defendant was incarcerated. After returning to Colombia to be with her

family, she miscarried, an event the defendant believes to have been the result of stress related to their arrests and his incarceration. This miscarriage negated the results of years of efforts to have a child.

The defendant, who is 29, has been physically separated from his wife for nearly two years while incarcerated. Sentencing the defendant to the mandatory minimum term, or the nearly equivalent term required without a Guidelines departure, would reduce the chances of the defendant and his wife having a child to almost zero.

This problem—one shared by millions of people hoping to have a child, and especially by anyone who has undergone complex fertility treatment—is a serious one. *See, e.g.,* Carlotta Gulvas Swarden, *Infertile Couples Find Help in Support Group,* N.Y. Times, Jan. 26, 1992, at NJ6 (describing rigors of fertility treatment); Thom Weidlich, *New Law Born from 'Reprotech',* Nat'l L.J., May 22, 1995, at A1, A26 (in U.S., from 1990 to 1994, 8,230 children were born following in-vitro fertilization). Although the obverse of most "family circumstances" departures which involve the welfare of children, it constitutes not only an extraordinary family circumstance, but a factor not considered by the sentencing commission in the formulation of the Guidelines.

 Under *United States v. Johnson,* 964 F.2d 124 (2d Cir.1992), and subsequent cases in this circuit, sentencing courts are permitted to depart from the Guidelines for "extraordinary family circumstances." U.S.S.G. § 5H1.6 (1994); *see, e.g., United States v. Ekwunoh,* No. 91–CR–684, 1994 WL 702035, 1994 U.S. Dist. LEXIS 17948 (E.D.N.Y. Dec. 9, 1994); *United States v. Rose,* 885 F.Supp. 62 (E.D.N.Y.1995); *United States v. Naugle,* 879 F.Supp. 262 (1995). Courts are also permitted to depart for other reasons not considered, or not adequately considered, by the Sentencing Commission. U.S.S.G. § 5K2.0.

In this case, the court departs downward to permit a more humane term of incarceration. Departing by 10 levels—the magnitude of the departure approved by the *Johnson* court—reduces the defendant's offense level to 21.

The defendant is sentenced to 37 months in prison, plus a $50 assessment and 5 years'

supervised release. Supervised release need not be served in this country; the defendant will be deported to Colombia by stipulated order of the court at the end of his incarceration.

SO ORDERED.